IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BOSEDE OLODUN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:20-cv-00071-GAF |
| CENTER FOR BEHAVIORAL MEDICINE, | ) |
| Defendant. | ) |

## Suggestions in Support of Motion to Dismiss Plaintiff's Amended Petition

Defendant Center for Behavioral Medicine,[1] offers the following suggestions in support of its motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (6).

## Pleaded Facts

Besede Olodun was employed by the Missouri Department of Health at the Center for Behavioral Medicine. (Pet. at ¶¶ 9, 10.). Olodun alleges that she hurt her shoulder in April 2016. (Pet. at ¶¶ 21, 22). As a result, Olodun alleges that she missed a substantial amount of time at work and that she went through the Workers' Compensation process. (Pet. at ¶¶ 24-25.) Olodun then alleges that she requested that she be put in "a unit that was safe and unlikely to cause further injury and pain." (Pet. ¶¶ 21-29.) Olodun's request for accommodation was denied. (Pet. at ¶ 28.) Olodun does not give a date for when her requested accommodation was requested or denied. *See generally, Petition.*

---

[1] Center for Behavioral Medicine is not an entity that can be sued. It is a facility that is operated by the Missouri Department of Mental Health.

1

Olodun then alleges that more than two years after her injury, she was "terminated without justification or explanation." (Pet. ¶ 29.)

### Argument

I. **Plaintiff did not adhere to Local Rule 15.1 when filing her Amended Petition.**

Plaintiff filed her Amended Petition on February 20, 2020. Local Rule 15.1 states that, when filing an amended petition, a litigant must "[s]et forth a concise statement of the amendment or leave sought…[a]ttach the proposed pleading…and [c]omply with the other requirements of Rule 7.0." *See* Local Rule 15.1 (Motions to Amend and for Leave to File). Here, Plaintiff was able to amend as a matter of course; however, Plaintiff never informed this Court of her amendments she sought to make, nor did she comply with the requirements of local Rule 7.0, such as filing suggestions showing that she was permitted to amend as a matter of course at that time.

Because Plaintiff failed to follow the local court rules by filing an Amended Petition without an accompanying motion, her Amended Petition should be dismissed.

II. **Plaintiff failed to show cause why her Petition should not be dismissed.**

On January 31, 2020, Defendant filed its Motion to Dismiss Plaintiff's Petition. Plaintiff's Suggestions in Opposition to Defendant's Motion to Dismiss were due on February 14, 2020, but Plaintiff did not file any suggestions in opposition. Thereafter, on February 18, 2020, the Court issued a docket entry that Plaintiff should show cause why Defendant's Motion to Dismiss should not be granted. As of this filing, Plaintiff

2

has not filed any response to the Court's February 18 Order. Because Plaintiff has failed to show cause why the case should not be dismissed with prejudice, Defendant requests that the Court grant its original motion to dismiss this case with prejudice.

### III. Standard of Review: In order to survive Rule 12(b)(6), the Complaint must *show* and not merely *allege* that the pleader is entitled to relief.

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff must state facts showing each element of the claim. *See Brown v. Simmons*, 478 F.3d 922, 923 (8th Cir. 2007). The court must accept as true only the factual allegations, not conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "If an affirmative defense appears from the face of the complaint, dismissal pursuant to Rule 12(b)(6) is proper." *Noble Sys. Corp. v. Alorica Central, LLC*, 543 F.3d 978, 983 (8th Cir. 2008).

### IV. Olodun has not adequately pled facts showing each element of her claims in Counts I and II in her amended petition.

Olodun alleges that her employer, the Center for Behavioral Medicine, violated the Americans with Disabilities Act by discriminating and retaliating against her. To establish a claim of discrimination under the ADA, a Plaintiff must show that he or she "(1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) has suffered an adverse employment action *because of* [his] disability." *Id. (emphasis added).* Likewise, "[a] prima facie case of retaliation requires the plaintiff to show (1) [he] engaged in statutorily protected activity; (2) [he] suffered an adverse employment action; and (3) a *causal connection between the two*." *Moses v. Dassault Falcon Jet-Wilmington Corp.* 894 F.3d 911, 924 (8th Cir. 2018) (*emphasis added).*

Even giving Olodun's petition a broad reading, there are only two adverse employment actions pled; namely, the denial of her requested accommodation. (Pet. at ¶28) and her termination. (*Id.* ¶ 29). However, there are no allegations that tie her disability to the denial of her accommodation or her termination. (*See* Complaint, ¶¶43, 48). Olodun's petition is completely devoid of any link between her disability and any adverse employment action, which is an element of both discrimination and retaliation under the ADA.

The only arguable alleged link between Olodun's disability, and her adverse employment actions, as pled, is the time period between her alleged disability and her termination. Indeed, temporal proximity can "demonstrate a causal link between an adverse employment action and the employee's disability." *E.E.O.C. v. Product Fabricators* at 969. However, the time period between the two events "'must be very close' for timing alone to be sufficient." *Lors v. Dean,* 746 F.3d 857 (8th Cir. 2014). The 8th Circuit has held that "more than two months is too long to support a finding of causation without something more." *Id.* at 866 (*internal citations omitted.*) Here, Olodun does not give a time period during which her request for accommodations was denied. But, she alleges that she was terminated "on or about October 2, 2018." (Complaint, ¶ 29). Because her termination is more than two years past Olodun's alleged disability, there is no "causal connection" between the two. *See Moses* at 924. Therefore, even when reading the petition in the light most favorable to Plaintiff, Counts I and II must be dismissed.

    **V.**    **Olodun has failed to state a claim under the Rehabilitation Act of 1973.**

4

Likewise, Olodun has failed to state a claim for discrimination under the Rehabilitation Act of 1973. In order to prevail on a discrimination claim brought under the Rehabilitation Act, a Plaintiff must show that "(1) he is a qualified individual with a disability; (2) he was denied the benefits of a program or activity of a public entity which receives federal funds; and (3) he was discriminated against based on his disability." *Wojewski v. Rapid City Regional Hosp., Inc.* 450 F.3d 338, 344 (8th Cir. 2006). Cases interpreting the ADA and the Rehabilitation Act are "applicable and interchangeable." *Id.* Nevertheless, one "important difference between the two acts is that the Rehabilitation Act 'imposes a requirement that a person's disability serve as the *sole* impetus for a defendant's adverse action against the plaintiff.'" *Id. citing Amir v. St. Louis Univ.,* 184 F.3d 1017, 1029 n.5 (8th Cir. 1999).

Here, as argued above, Olodun has failed to plead *any* facts that establish a link between her alleged disability and her termination or denial of accommodation. There are no allegations that show any motivation for any adverse action was her disability. Instead, Plaintiff merely alleges that she became disabled and that, some time after that, she requested an accommodation (which was denied) and then terminated. This does not establish that the sole impetus for any adverse employment action was Plaintiff's disability. Therefore, Plaintiff's Rehabilitation Act claim must be dismissed.

**VI. Sovereign immunity bars the state law claim for retaliatory discharge in violation of the Missouri Worker's Compensation laws.**

5

The Missouri Department of Mental Health is an executive department of the State of Missouri created by the Missouri Constitution. Mo. Const. Art. IV, § 37(a); *see also* Mo. Rev. Stat. § 630.003 (creating a department of mental health). The Center for Behavioral Medicine is a facility operated by the Missouri Department of Mental Health.

The state's sovereign immunity statute, s*ee* Mo. Rev. Stat. § 537.600, applies to the Department of Mental Health (or the Center for Behavioral Medicine). Sovereign immunity is not a defense; it is part of the plaintiff's *prima facie* case. *Newsome v. Kansas City, Missouri School District*, 520 S.W.3d 769, 775-76 (Mo. 2017). Thus, plaintiff must plead facts to establish that an exception to sovereign immunity applies. She cannot do so. A retaliatory discharge claim under Mo. Rev. Stat. § 287.780 seeks to impose tort liability on the defendant. *Wyman v. Missouri Dept. of Mental Health*, 376 S.W.3d 16, 19 (Mo. App. W.D. 2012). Thus, sovereign immunity bars a retaliatory discharge claim against the Missouri Department of Mental Health (or its facility, the Center for Behavioral Medicine). *See id.* at 18 (holding that sovereign immunity bars civil actions for damages "for retaliation against employees for their exercise of workers' compensation rights"). Because sovereign immunity bars the state law claim for retaliatory discharge in violation of Mo. Rev. Stat. § 287.780, this Court must dismiss.

### VII. Conclusion

Accordingly, Defendant respectfully requests that this Court enter an order, dismissing Plaintiff's claims with prejudice and for such further relief as this Court deems just and proper.

6

Respectfully submitted,

**ERIC S. SCHMITT**
Attorney General

*/s/ Abbie Rothermich*
Abbie Rothermich
Missouri Bar Number 63205
Assistant Attorney General
615 East 13th Street, Suite 401
Kansas City, Missouri 64106
Telephone: (816) 889-5000
Facsimile: (816) 889-5006
Email: Abbie.Rothermich@ago.mo.gov
*Attorney for Missouri*
*Department of Mental Health*

**Certificate of Service**

I hereby certify that on March 5, 2020, I filed the foregoing electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Abbie Rothermich*
Assistant Attorney General